United States District Court
Southern District of Texas
**ENTERED**
December 02, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| BIMAL K. BANIK, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:16-CV-00462 |
| | § | |
| ANGEL TAMEZ, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER & OPINION

The Court now considers Bimal Banik's ("Plaintiff") amended motion to recuse Judge Alvarez from this case,[1] as well as the University Defendants' ("Defendants") original and amended responses.[2] After duly considering the record and authorities, the Court **DENIES** Plaintiff's motion.

### I.    Background

Plaintiff was a tenured professor at the University of Texas Pan-American ("UTPA"), and was terminated for alleged violations of University policy.[3] Plaintiff filed suit in state court against various defendants who were directly or indirectly involved in his termination.[4] The parties filed an assortment of motions in state court, including Defendant Ybarra's motion to dismiss pursuant to the Texas Civil Practices and Remedies Code.[5] Notice of removal was filed on August 8, 2016.[6] Plaintiff filed his remand motion on September 7, 2016.[7] The Court denied

---

[1] Dkt. No. 27.
[2] Dkt. Nos. 26 & 28.
[3] *See* Dkt. No. 1-12 at p. 592.
[4] *See* Dkt. No. 12.
[5] *See* Dkt. No. 1-11 at p. 294.
[6] Dkt. No. 1.
[7] Dkt. No. 9.

Plaintiff's remand motion on October 20, 2016,[8] and subsequently granted Defendant Ybarra's motion to dismiss on November 1, 2016.[9]

Plaintiff then filed his motion to recuse Judge Alvarez on November 22, 2016,[10] and Defendants responded on November 28, 2016.[11] Plaintiff subsequently filed his amended motion to recuse on November 28, 2016,[12] though this amended version was substantively the same as the original.[13] Defendants filed their amended response the next day.[14] The Court now turns to Plaintiff's amended motion.

## II.     Legal Standard

The United States Code Section 455 of Title 28 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which [her] impartiality might reasonably be questioned."[15] The test is an objective one, focusing on "whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality."[16] Congress imposed an objective standard to prevent parties from "manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking."[17]

---

[8] Dkt. No. 23.
[9] Dkt. No 24.
[10] Dkt. No. 25.
[11] Dkt. No. 26.
[12] Dkt. No. 27.
[13] *See* Dkt. Nos. 25 & 27. It appears that Plaintiff only removed the names "Marie Mora, Stephen Crown, [and] Catherine Faver . . . " from his original motion to recuse.
[14] Dkt. No. 28.
[15] 28 U.S.C.A. § 455(a) (West).
[16] *Am. Consultants, Legal Litigants, Paralegals, Prof'l Adjusters & Fin. Brokers v. Capital One*, N.A., CIV.A. H-10-2454, 2014 WL 28851, at *3 (S.D. Tex. Jan. 2, 2014) (citing *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir.1995).
[17] *Capital One*, 2014 WL 28851, at *3 (S.D. Tex. Jan. 2, 2014) (citing *FDIC v. Sweeney*, 136 F.3d 216, 220 (1st Cir.1998)).

The origin of a judge's alleged bias "is of critical importance."[18] The 1994 Supreme Court case *Liteky*[19] had the practical effect of "more or less divid[ing] events occurring or opinions expressed in the course of judicial proceedings from those that take place outside of the litigation context."[20] Those events taking place in the course of judicial proceedings are subject to mitigated scrutiny, and thus "rarely require recusal."[21] The only events taking place in the course of judicial proceedings which properly form a basis for recusal are those which "display a deep-seated favoritism or antagonism that would make fair judgment *impossible*."[22]

Consequently, the Supreme Court has stated: "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and "only in the rarest circumstances evidence the degree of favoritism or antagonism required. Almost invariably, they are proper grounds for appeal, not for recusal."[23] Moreover, the *Liteky* Court added that judicial remarks "that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."[24] The Supreme Court provided a vivid illustration of the type of hostility required to overcome this high standard:

> An example . . . is the statement that was alleged to have been made by the District Judge in Berger v. United States, 255 U.S. 22 . . . (1921), a World War I espionage case against German–American defendants: "One must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans" because their "*hearts are reeking with disloyalty*."[25]

As for events taking place *outside* judicial proceedings, the Fifth Circuit has stated that "[b]eing an alumnus of a university does not preclude a judge from presiding over a case

---

[18] Andrade v. Chojnacki, 338 F.3d 448, 455 (5th Cir. 2003).
[19] *Liteky v. United States*, 510 U.S. 540 (1994).
[20] *Andrade*, 338 F.3d at 455.
[21] *Id*.
[22] *Liteky*, 510 U.S. at 555 (1994) (emphasis added).
[23] *Id*. (citing *United States v. Grinnell Corp.*, 384 U.S., at 583).
[24] *Id*.
[25] *Id*. (emphasis added).

involving that university under § 445(a) (sic)."[26] The Fifth Circuit has also held that being a trustee for a non-party law school alumni board, absent further specific information reasonably casting the judge's neutrality into question, is not a valid basis for recusal under Section 455(a).[27] Though the Fifth Circuit says little else on the issue, courts within other circuits have clarified that a judge need not recuse herself when her alma mater is a party, *even when* the judge makes yearly financial contributions to the university,[28] presents educational programs to the university,[29] teaches as an adjunct professor at the university,[30] donates money to the university in exchange for football tickets,[31] or even plans to create a university scholarship.[32]

### III.  Application

#### A.  *Intra-Judicial Activity*

None of the events taking place in the course of judicial proceedings in this case are a valid basis for recusal. Plaintiff makes various allegations that the Court has demonstrated bias via word choices,[33] factual characterizations,[34] legal holdings,[35] and timing in issuing its rulings.[36] Because these events took place in the course of judicial proceedings, they are only a proper basis for recusal if they "display a deep-seated favoritism or antagonism that would make fair judgment *impossible*."[37] The Court first observes that it does—in fact—have the authority to make legal and factual determinations.  When a party disagrees with those determinations,

---

[26] *Harris v. Bd. of Sup'rs of Louisiana State Univ. & Agr. & Mech. Coll. ex rel. LSU Health Sci. Ctr. Shreveport*, 409 Fed. Appx. 725, 727 (5th Cir. 2010) (citing *Levitt v. University of Texas at El Paso*, 847 F.2d 221, 225–26 & n. 13 (5th Cir.1988); *Lunde v. Helms*, 29 F.3d 367, 370–71 (8th Cir.1994); *Wu v. Thomas*, 996 F.2d 271, 274–75 & n. 7 (11th Cir.1993)).
[27] *Harris*, 409 Fed. Appx. at 728.
[28] *U.S. ex rel. Hochman v. Nackman*, 145 F.3d 1069, 1076 (9th Cir. 1998).
[29] *Lunde v. Helms*, 29 F.3d 367, 370–71 (8th Cir.1994).
[30] *Wu v. Thomas*, 996 F.2d 271, 274–75 & n. 7 (11th Cir.1993).
[31] *Id.*
[32] *Id.*
[33] Dkt. No. 27 at pp. 3–4.
[34] Dkt. No. 27 at pp. 2–3.
[35] Dkt. No. 27 at pp. 4–7.
[36] Dkt. No. 27 at p. 6.
[37] *Liteky*, 510 U.S. at 555 (emphasis added).

appellate review is the appropriate remedial avenue, not recusal. Even so, Plaintiff's depictions of the intra-judicial events forming the basis for his motion do not even remotely resemble Judge Berger's comment that the hearts of German Americans are "reeking with disloyalty."[38] Thus, the Court's word choices, factual characterizations, and legal holdings are not a valid basis for recusal.

Plaintiff's allegation that the Court denied him due process by prematurely ruling on motions is also not a valid basis for Section 455(a) recusal.[39] Plaintiff implies—by moving for recusal on this basis—that this alleged deprivation was so patent as to "display a deep-seated favoritism or antagonism that would make fair judgment *impossible*."[40] On the contrary, Plaintiff's Due process rights were not violated. The Court notes that LR 7.3–4 of the Local Rules of the United States District Court for the Southern District of Texas provide parties twenty-one (21) days to respond to a motion before that motion is considered unopposed. Here, Plaintiff failed to respond to Defendant Ybarra's motion for one-hundred and thirty (130) days—over *six* timed longer than the local rules permit—and only then did the Court rule on the motion.[41] Moreover, Defendant Ybarra urged her dismissal motion in federal court with a motion to set a hearing,[42] and Plaintiff adamantly opposed the hearing with a response, and thus had a *tangible opportunity to be heard on the dismissal motion*.[43]

Even so, post-deprivation remedies often satisfy due process.[44] Within the context of litigation, post-deprivation remedies abound and inhere in the judicial procedure itself. Here, for

---

[38] *Id.*
[39] Dkt. No. 27 at p. 6.
[40] *Liteky*, 510 U.S. at 555 (emphasis added).
[41] *See* Dkt. Nos. 1-11 at pp. 294 & 327. Defendant Ybarra filed and served her dismissal motion on June 24, 2016, and this Court granted the motion on November 1, 2016.
[42] Dkt. No. 7.
[43] Dkt. No. 8.
[44] *See e.g., Brooks v. City of New Orleans*, 37 Fed. Appx. 89 (5th Cir. 2002).

example, Plaintiff could simply file a motion for reconsideration or appeal the Court's ruling. For this reason, presumably, published case law on due process violations arising from allegedly premature judicial disposition of motions—especially as a basis for Section 455(a) recusal—is virtually non-existent. In any event, no objective observer would find that the Court's actions taking place in the course of judicial proceedings in this case display a deep-seated favoritism or antagonism that would make fair judgment "impossible,"[45] and thus none of these intra-judicial events are a valid basis for recusal.

  B. *Extra-Judicial Activity*

Furthermore, Judge Alvarez's extra-judicial connections with the University of Texas at Austin ("UT-Austin") and the University of Texas School of Law ("UT Law") are not a valid basis for recusal. Plaintiff argues that Judge Alvarez should recuse herself based on the following associations:

- "Judge Alvarez received her B.S. from [UT-Austin] . . . and her J.D. from the [UT Law] . . . ."[46]

- "Judge Alvarez founded the Hidalgo County Women's Judiciary Endowment for Excellence Scholarship in Law for [UT Law] . . . ."[47]

- Judge Alvarez "spoke at the October 13, 2015, October Power Lunch Series at [UT Law]."[48]

- "Judge Alvarez's other colleagues in the Southern District of Texas . . . apparently felt their connection to their alma mater, [UT-Austin], might cause their impartiality to be reasonably questioned . . . ."[49]

---

[45] *Liteky*, 510 U.S. at 555.
[46] Dkt. No. 27 at p. 8. (Elizabeth F. Turco has sworn under penalty of perjury that "the Honorable Micaela Alvarez received her B.S. from the University of Texas in 1980." Such is not a correct statement. Ms. Turco is cautioned that if she is going to swear to a factual statement, she should be absolutely certain of the facts.).
[47] *Id.*
[48] *Id.*
[49] *Id.*

The Court observes that neither UT-Austin nor UT Law are defendants in the instant action, and thus Judge Alvarez has no direct connection with any of the actual parties in this case. Plaintiff merely suggests an indirect connection: "[UT-Austin] along with [UT Law] . . . are *overseen* by Defendant University of Texas System and [the UT Board of Regents Defendants]."[50] However, it is unclear how such oversight vests or manifests in Judge Alvarez any particular interest in the outcome of this case. More importantly, an objective observer, knowing this fact, would not harbor doubts about Judge Alvarez's impartiality.

Judge Alvarez's connections with her alma maters do not require recusal under Section 455(a). As noted, the Fifth Circuit has held that the mere fact a judge's alma mater is a party to the case does not require recusal under Section 455(a).[51] Thus, the mere fact Judge Alvarez attended UT-Austin and UT Law does not require recusal, especially since neither of these institutions are even parties to this suit. Additionally, as previously noted, existing case law suggests that a judge's financial contributions, plans to create a scholarship, or even teaching in an official capacity at her alma mater do not require recusal under Section 455(a) when that institution is a party to the suit.[52] Accordingly, the fact that Judge Alvarez helped create a scholarship for the benefit of UT Law students and spoke at a UT Law luncheon do not require recusal under Section 455(a), especially since UT Law is not even a party to this suit.

Finally, the mere fact that Judge Alvarez's colleagues have recused themselves from cases involving constituents of the University of Texas System is not a valid basis for recusal. Plaintiff provides one recusal order from both of Judge Alvarez's colleagues,[53] and neither

---

[50] Dkt. No. 27 at p. 8.
[51] *Supra* note 26.
[52] *Supra* notes 28–32.
[53] Dkt. No. 27-6 at pp. 2–3.

specifies the basis for recusal (*i.e.,* each judge's unique associations with parties in the case).[54] It goes without saying that Judge Alvarez's connections to the UT-Austin and the UT Law are unique, and therefore demand individual scrutiny, which the Court has already engaged in. Moreover, *even if* the only reason for Judge Crane's and Judge Hinojosa's self-recusal was their status as alumni of UT-Austin and /or UT Law, nothing in the current legal standard governing Section 455(a) requires a judge to mimic her colleagues' discretionary[55] decisions, and this Court will not begin doing so at this juncture.

### IV. Holding

Plaintiff's recusal motion is hereby **DENIED**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 2nd day of December, 2016.

 _____
 Micaela Alvarez
 United States District Judge

---

[54] It is a matter of public record that Ernest Aliseda, a Defendant in this case, is related by consanguinity, to Judge Randy Crane.

[55] *See e.g, Verrette v. Charlotte Randolph-LaFourche Par. President*, CIV.A. 08-1200, 2008 WL 3498540, at *1 (E.D. La. Aug. 11, 2008) ("A recusal motion under [Section 455(a)] is committed to the sound discretion of the district judge.") (quoting *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir.1982)); *see also Wise v. City of New York*, 12-CV-1823 ENV RER, 2013 WL 3190230, at *1 (E.D.N.Y. June 21, 2013) ("[R]ecusal motions are committed to the court's sound discretion . . . .") (quoting *Wright v. Comm'r*, 571 F.3d 215, 220 (2d Cir.2009)); *Zammit v. I.R.S.*, .14-14155, 2015 WL 1567736, at *1 (E.D. Mich. Apr. 8, 2015) ("Motions for recusal pursuant to 28 U.S.C. §§ 144 and 455 are committed to the sound discretion of the district court deciding the motion.") (citing *Youn v. Track*, Inc., 324 F.3d 409, 422 (6th Cir.2003)).