IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **BIMAL K. BANIK**, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| **ANGEL TAMEZ**, **TERENCE** | § | |
| **THOMPSON**, **ESMERALDA** | § | |
| **GUERRA**, **MARTHA CANTU**, | § | |
| **S. J. SETHI**, **AMANDA YBARRA**, | § | |
| **ROBERT NELSEN**, **HAVIDÁN** | § | |
| **RODRÍGUEZ**, **GUY BAILEY**, | § | |
| **MARIE MORA**, **STEPHEN CROWN**, | § | |
| **CATHERINE FAVER**, **THE** | § | Civil Action No. 7:16-cv-462 |
| **UNIVERSITY OF TEXAS-PAN** | § | JURY DEMANDED |
| **AMERICAN**, **THE UNIVERSITY OF** | § | |
| **TEXAS RIO GRANDE VALLEY**, **THE** | § | |
| **UNIVERSITY OF TEXAS SYSTEM**, | § | |
| **PAUL L. FOSTER**, **WILLIAM** | § | |
| **EUGENE POWELL**, **R. STEVEN** | § | |
| **HICKS**, **ERNEST ALISEDA**, **ALEX** | § | |
| **CRANBERG**, **WALLACE HALL, JR.**, | § | |
| **JEFFERY HILDEBRAND**, **BRENDA** | § | |
| **PEJOVICH**, and **ROBERT** | § | |
| **STILLWELL**, | § | |
| *Defendants.* | § | |

**UNIVERSITY DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF OPINION DENYING REMAND**

TO THE HONORABLE JUDGE ALVAREZ:

Demonstrating his continuous dissatisfaction[1] with the Court's denial of his motion to remand, Plaintiff Bimal K. Banik ("Banik") now moves this Court to reconsider its opinion denying Banik's motion to remand. However, Banik's motion for reconsideration merely rehashes the arguments already presented in filings to this Court and does not satisfy the criteria imposed by the Fifth Circuit to justify the granting of reconsideration.

Accordingly, Defendants Terence Thompson, Esmeralda Guerra, Martha Cantu, S. J. Sethi, Robert Nelsen, Havidán Rodríguez, Guy Bailey, Marie Mora, Stephen Crown, Catherine Faver, The University of Texas–Pan American ("UTPA"), The University of Texas Rio Grande Valley ("UTRGV"), The University of Texas System ("UT System,"), Paul L. Foster, William Eugene Powell, R. Steven Hicks, Ernest Aliseda, Alex Cranberg, Wallace Hall, Jr., Jeffery Hildebrand, Brenda Pejovich, and Robert Stillwell (collectively, "University Defendants") file this response in opposition to Banik's Motion for Reconsideration, asking this Court to deny Banik's Motion for Reconsideration for the following reasons.

## I.   INTRODUCTION

1. Because his motions to remand and recuse have been denied,[2] Banik continues his tireless efforts to proceed in a different venue by now seeking a

---

[1] Banik also presented several pages of arguments against the Court's denial of his motion to remand in his motion to recuse Judge Alvarez. *See* Dkt. 27 at 2–6.

[2] Certain University Defendants removed this case on August 8, 2016. *See* Dkt. 1. Banik moved to remand the case on September 7, 2016. *See* Dkt. 9. University Defendants responded in opposition to Banik's motion to remand on September 28, 2016. *See* Dkt. 11. Banik replied in support of his motion to remand on October 17, 2016. *See* Dkt. 22. The Court denied Banik's motion to remand for numerous reasons on October 20, 2016. *See* Dkt. 23. Banik moved to recuse Judge Alvarez on November 22, 2016,

reconsideration of the Court's order denying remand. Banik's motion for reconsideration relies on two arguments: (1) the Court assumed facts not in the record when deciding the motion to remand (*see* Dkt. 32 at 2); and (2) the Court failed to consider Banik's reply to the University Defendants' response in opposition to the motion to remand (*see* Dkt. 32 at 5). But neither of these arguments describe unusual or unique circumstances warranting reconsideration under the well-established standards of this Circuit. Moreover, a motion for reconsideration is not properly invoked to re-litigate matters that have been resolved to the movant's dissatisfaction. Banik's motion for reconsideration should be denied.

## II. STANDARD OF REVIEW

2. It is unclear under which Federal Rule of Civil Procedure Banik seeks reconsideration of the order denying his motion to remand. The Federal Rules of Civil Procedure do not provide a "motion for reconsideration" *in haec verba. Harrington v. Runyon*, 98 F.3d 1337 (5th Cir. 1996) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir. 1990), *cert. denied,* 510 U.S. 859 (1993)). Nonetheless, a motion titled a "motion for reconsideration" is treated as either a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b). *Id.* Under which rule the motion must be considered depends upon when the motion was filed. *Id.*; *see also La Union Del Pueblo Entero v. Fed. Emergency Mgmt. Agency*, No. CV B-08-487, 2011 WL 13135967, at *2 (S.D. Tex.

---

largely based upon her rulings in the order denying Banik's motion to remand. *See* Dkt. 27 at 2–6. University Defendants responded in opposition to Banik's motion to recuse on November 28, 2016. *See* Dkt. 26. Banik amended his motion for recusal on November 28, 2016. *See* Dkt. 27. The Court denied Banik's motion for recusal on December 2, 2016. *See* Dkt. 31.

Oct. 6, 2011). If the motion is filed more than ten days after the entry of the judgment or order, it will be treated as a 60(b) motion. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004).

3. Though Banik plainly seeks reconsideration in some form of the order denying his motion to remand, he fails to offer any statutory basis for such relief. Accordingly, under which rule and which specific provision Banik seeks reconsideration must be construed by the Court. *See Trautmann v. Cogema Mining, Inc.*, No. CIV.A. 5:04-CV-117, 2007 WL 2670093, at *3 (S.D. Tex. Sept. 7, 2007) (Alvarez, J.) (denying reconsideration). University Defendants construe Banik's motion for reconsideration as brought pursuant to Rule 60(b), because it was filed more than 10 days after the Court entered its opinion on the motion to remand. *See Shepherd*, 372 F.3d at 328 n.1.

4. A party moving under Rule 60(b) must show "unusual or unique circumstances" to warrant reconsideration. *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985). The standard is a "nearly insurmountable hurdle." *Hamilton v. Tex. Dep't of Transp.*, No. CIV.A. H-99-1907, 2001 WL 34109380, at *2 (S.D. Tex. Aug. 21, 2001). This is because the rule provides an exception to finality that should not be used as a substitute for an appeal. *See United Student Aid Funds*, 559 U.S. 260, 269–70.

5. Rule 60(b) enumerates six reasons for which a court may relieve a party from an order:

> (1) mistake, inadvertence, surprise, or excusable neglect;

    (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4)    the judgment is void;

    (5)    the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6)    any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

    6.    Because Banik's arguments apparently focus on (what he claims were) judicial errors,[3] University Defendants presume he intended to move for reconsideration under Rule 60(b)(1).[4] *See Hill v. McDermott, Inc.,* 827 F.2d 1040, 1043 (5th Cir.1987). In the Fifth Circuit, Rule 60(b)(1) "may be invoked for the correction of judicial error, but only to rectify an obvious error of law, apparent on the record." *Hill,* 827 F.2d at 1043; *AET Inc. Ltd. v. C5 Commc'ns, LLC*, No. CIV.A. G-06-487, 2007 WL 528162, at *2 (S.D. Tex. Feb. 14, 2007). "The error of law must involve a fundamental misconception of the law or a conflict with a clear statutory mandate." *In re Grimland, Inc.,* 243 F.3d 228, 233 (5th Cir. 2001). The "focus on

---

[3] Banik argues: (1) the Court assumed facts not in the record when deciding the motion to remand (*see* Dkt. 32 at 2); and (2) the Court failed to consider Banik's reply to the University Defendants' response in opposition to the motion to remand (*see* Dkt. 32 at 5).

[4] The catch-all provision of Rule 60(b)(6), which is the only other provision that could possibly apply to the arguments Banik propounds in his motion for reconsideration, does not apply to claims of legal error: "claims of legal error or mistake . . . are subsumed under subsection (1)." *Porter v. Exxon Mobil Corp.*, No. CV H-14-1553, 2016 WL 6190301, at *1 n.1 (S.D. Tex. Oct. 24, 2016) (citing *McMillan v. MBank Fort Worth, N.A.*, 4 F.3d 362, 367 (5th Cir. 1993); *accord Castleberry v. CitiFinancial Mortg. Co. Inc.*, 230 F. App'x 352, 356 (5th Cir. 2007) (per curiam)).

obvious legal error, which [the Fifth Circuit] as a matter of course would correct anyway, is to prevent a Rule 60(b) motion from being used as a substitute for a timely appeal on disputed issues." *Porter v. Exxon Mobil Corp.*, No. CV H-14-1553, 2016 WL 6190301, at *1 (S.D. Tex. Oct. 24, 2016) (citing *Benson v. St. Joseph Regional Health Ctr.*, 575 F.3d 542, 547 (5th Cir. 2009)).

7. Ultimately, Banik's arguments do not rise to the level of an obvious error of law warranting reconsideration under Rule 60(b)(1).

### III. ARGUMENTS & AUTHORITIES

**A. The Court's order denying remand did not contain any obvious errors of law.**

*(Response to Sections II & III)*

**1. The Court did not misconstrue any facts and, even if it had, incorrect interpretation of *facts* is not a statutory basis for reconsideration.**

8. Banik first argues that the Court "assumed several 'facts' not in the record and directly contradicted by the record before it." Dkt. 32 at 2. Banik goes on to "recite the correct facts." *Id.* Regardless of whether the "facts" which Banik "recite[s]" are correct (they are not), such an argument has no bearing on the Court's order denying remand.

9. Under Rule 60(b)(1), if the "judicial decision contains an obvious error of *law*, apparent on the record, then the error may be corrected as a mistake pursuant to Rule 60(b)." *Grimland*, 243 F.3d at 233 (emphasis added); *Blair v. Houston Indep. Sch. Dist.*, No. CIV.A. H-13-2628, 2015 WL 1470394, at *1 (S.D. Tex. Mar. 31, 2015).

"The error of *law* must involve a fundamental misconception of the *law* or conflict with a clear *statutory* mandate." *Id.* (emphasis added).

10.  The Court denied remand based on the procedural laws governing remand—not the facts of the case. *See* Dkt. 23 at 4–11. Indeed, in its "Discussion" section regarding remand, the Court cites to none of the "facts" Banik "recite[s]," and none of the "Background" the Court laid out. Moreover, none of the "facts" Banik "recite[s]," have any bearing on the procedural propriety of the removal of this case to federal court. Instead, the Court properly focuses, throughout its application of removal and remand laws, on the procedural history surrounding the removal of this case to federal court and Banik's subsequent effort to remand the case to state court. In any event, narrating a *factual* background—correct or incorrect—to precede an order regarding (nearly) entirely procedural issues is not an "obvious error of *law*," a fundamental misconception of the *law*," or a "conflict with a clear *statutory* mandate." *See Grimland*, 243 F.3d at 233; *Blair,* 2015 WL 1470394 at *1.

### 2.  The authorities of this Circuit support—and necessitate—the Court's denial of remand.

11.  Banik next argues that "current Southern District of Texas authority requires remand and [ ] all of the authority provided by University Defendants in their Response … is either inapplicable or not binding authority" and that if the Court had simply considered Banik's Reply to University Defendants' response, this would be clear. Dkt. 32 at 5.

12.  Banik first contends that, should a removing party seek to supplement an incomplete record after removal, such supplementation "must be done within the

thirty-day removal period." Dkt. 32 at 5 (citing *Plaintiff 67,634-69,607 v. Trans Union LLC*, 2010 WL 4284956, at *2 (S.D. Tex. Oct. 22, 2010). The single case on which Banik relies for this proposition only refers to thirty-day time limits in reference to (1) the thirty-day time period in which a defendant may remove a case and (2) the thirty-day period after the filing of the removal notice in which the plaintiff may object to the removal based on procedural defects. *See Plaintiff 67,634-69,607*, 2010 WL 4284956, at *2. Additionally, this case to which Banik cites notes that "procedural rules such as the directions found in section 1446(a) are not jurisdictional and 'the failure to file all the state court papers . . . [is] curable in the federal court if there is a motion to remand.'" *Plaintiff 67,634-69,607*, 2010 WL 4284956, at *2 n.2. Any mandatory thirty-day period for amendment relates only to *substantive* defects. *See Petri v. Peregrine Oil & Gas, LP*, No. CIV.A. H-09-3994, 2010 WL 2991124, at *3 (S.D. Tex. July 26, 2010) (citing *Moody v. Commercial Ins. Co. of Newark, N.J.*, 753 F. Supp. 198, 201–02 (N.D. Tex. 1990)).

13. Banik next contends that University Defendants assert, without "persuasive []or binding authority," that "failure to include documents from the state court record under § 1446(a) is a procedural error that does not require remand and that can be cured at the federal court, even after expiration of the thirty-day removal period." Dkt. 32 at 6. Banik asserts that the Fifth Circuit case to which "the case from the District of Columbia cites"—*Covington v. Indem. Ins. Co. of N. Am.*, 251 F.2d 930 (5th Cir. 1958), *cert. denied,* 357 U.S. 921 (1958)—does not stand for this proposition.

14. In *Covington*, the Fifth Circuit explicitly "agrees that" "omissions from the record on which appellant relies to defeat the removal are, if omissions, merely modal and formal and are completely without effect upon the removal, if the case is in its nature removable." *Covington*, 251 F.2d at 933; *see also Dukes v. S.C. Ins. Co.*, 770 F.2d 545, 547–48 (5th Cir. 1985); *Smith v. Estate of Wagner*, No. CIV A H 06-02629, 2006 WL 2729282, at *4 (S.D. Tex. Sept. 25, 2006); 548 Wright, Miller & Cooper, *Federal Practice and Procedure* § 3736, at 548 (1985). The Fifth Circuit goes on to agree with the proposition that if any papers "are lacking from the original removal record, they may be later supplied." *Covington*, 251 F.2d at 933.

15. Banik next contends that the Court misapplied the law regarding the last-served defendant rule. Dkt. 32 at 7. Banik complains that the Court failed to address three district court cases cited by Banik. Contrary to Banik's assertion, the Court directly addressed—and found inapposite—one of these cases: *Mims v. Deepwater Corrosion Serv.*, Inc., 90 F. Supp. 3d 670, 700 (S.D. Tex. 2015). For a further analysis of *Mims* and its inapplicability to this case, University Defendants incorporate the relevant portions of their response to the motion to remand. *See* Dkt. 11 at 25.

16. Regarding the other two cases, neither are on point. To begin, the court in *W.T. International* did not address the last-served defendant rule, as such, at all. *See generally W.T. Bell Int'l, Inc. v. Bradley*, No. CV H-16-1192, 2016 WL 4611289 (S.D. Tex. Sept. 6, 2016). Next, the court in *Helford* analyzed the effect of a contractual agreement not to remove on the ability to consent to removal by a later-

added defendant. *Helford v. Cheyenne Petroleum Co.*, No. 3:14-CV-4539-L, 2015 WL 5771915, at *2 (N.D. Tex. Sept. 30, 2015). The court actually—and relevantly—notes that 28 U.S.C. § 1446(b)(2)(C) "gives the earlier-served defendant a second chance or 'bite at the apple' to consent to the removal if that defendant did not previously initiate or consent to removal." *Id.* The issue in *Helford* turned on the validity and scope of the clear and unequivocal *contractual* waiver of the earlier-served defendants. *See id.* at *2–*3 There exists no such contractual agreement in this case. Banik himself argues that "Northern District . . . of Texas authority is inapplicable" while ironically relying upon *Helford*, which was litigated in the Northern District of Texas. *See* Dkt. 32 at 10.

17.     It is apparent that the Court's denial of Banik's motion to remand "does not rest upon a 'fundamental misconception' of law." *See Trautmann*, 2007 WL 2670093 at *3. To the contrary, the Court applied an abundance of binding and persuasive case law and rules to reach its conclusion. Banik's creative interpretation of the cases he claims are applicable does not overcome the plain facts, procedure, and language of those cases. "In any case, Rule 60(b) only operates to remedy a fundamental misconception of the controlling law; *a fortiori,* a Rule 60(b) motion cannot reverse a decision that could fairly have gone either way." *Id.* (internal citation and quotation marks omitted). Because Banik has not shown that this Court, in denying remand based on a host of procedural rules and laws, committed an "obvious error of law," reconsideration is unwarranted.

**B.     The Court's determination to exercise supplemental jurisdiction is comprehensive and sound.**

18.     Banik argues that reconsideration of the Court's decision to exercise supplemental jurisdiction over the state law claims in his lawsuit is appropriate because "the Court has not identified a common nucleus of operative fact." Dkt. 32 at 10. But in its order denying remand, the Court explicitly and thoroughly delves into its reasons for exercising supplemental jurisdiction based on common facts and laws between each of Banik's state and federal law claims for nearly the entirety of eight pages. *See* Dkt. 23 at 11-18. This argument is unsupported and should be denied.

**C.     An order denying remand, standing alone, cannot be appealed unless certified.**

19.     Although Banik writes that his motion for reconsideration is an attempt "to enlighten the Honorable Court concerning the status of the law in hopes of avoiding the necessity of filing a Petition for Writ of Mandamus in the United States Fifth Circuit Court of Appeals challenging the denial of Plaintiff's Motion to Remand," Dkt. 32 at 5, University Defendants note that "[a]n order denying remand of a case removed to federal court is not a final order within the meaning of 28 U.S.C. § 1291 and, standing by itself cannot be appealed unless certified by the district court according to the provisions of 28 U.S.C. § 1292(b)." *Stevens v. Ford Motor Co.*, 97 F. App'x 496, 497 (5th Cir. 2004); *Poirrier v. Nicklos Drilling Co.*, 648 F.2d 1063, 1064 (5th Cir. Unit A 1981).

**IV.     UNFOUNDED CHARACTER ATTACKS**

20.     With this most recent motion, counsel for Banik resort to attacking the personal character of counsel for University Defendants, in an apparent effort to

diminish or mischaracterize their diligent representation of their clients. Specifically, Banik's counsel accuse counsel for University Defendants of laying a "trap" into which the Court has ostensibly "fall[en]." *See* Dkt. 32 at 7.[5] Such accusations not only engender deep concern and offense within counsel for University Defendants, but also demonstrate a blatant disregard for the professional conduct rules to which attorneys practicing in this Court and in this State are beholden.

21. Pursuant to the Guidelines for Professional Conduct adopted by this Court, "[a] lawyer owes, to opposing counsel, a duty of courtesy and cooperation, the observance of which is necessary for the efficient administration of our system of justice and the respect of the public it serves." *See* Southern District Guidelines for Professional Conduct, § C (May 2001).[6] Furthermore, "[l]awyers should treat each other [and] the opposing party . . . with courtesy and civility . . . ." *Id.* at § E. Particularly here, "though ill feeling may exist between clients, such ill feeling should not influence a lawyer's conduct, attitude, or demeanor toward opposing lawyers." *Id.* at § G. Finally, "[e]ffective advocacy does not require antagonistic or obnoxious behavior and members of the Bar will adhere to the higher standard of conduct which judges, lawyers, clients, and the public may rightfully expect." *Id.* at § K.

22. Additionally, and perhaps most relevantly, The Texas Lawyer's Creed *mandates* that a lawyer "will not, without good cause, attribute bad motives or unethical conduct to opposing counsel nor bring the profession into disrepute by

---

[5] "The Court falls into the trap laid by University Defendants and states in its Opinion that 'Plaintiffs relies on authorities that are not on point.' More specifically, the Court regurgitates University Defendants' assertion . . ." Dkt. 32 at 7 (internal citation omitted).
[6] Available at: http://www.txs.uscourts.gov/file/550/download?token=3WjGJSoR

unfounded accusations of impropriety." *See* The Texas Lawyer's Creed: A Mandate for Professionalism, art. III, § 10 (Nov. 1989).[7] Lawyers must also "avoid disparaging personal remarks or acrimony towards opposing counsel, parties and witnesses." *Id.*

23. Here, characterizing the legal arguments and analysis presented by counsel for University Defendants as a "trap" laid to entice the Court to misapply the law submits that counsel for University Defendants lack the moral integrity, honesty, or lawyering capabilities required—and expected—of members of the State Bar of Texas and of the Southern District of Texas. Such accusations are neither courteous nor indicative of civility. To the contrary, such statements embody the antagonistic and obnoxious behavior expressly denounced by the rules of this Honorable Court.

24. Banik's counsel lack any good cause to attribute such bad motives or unethical conduct to counsel for University Defendants. That counsel for University Defendants would attempt (or need) to "lay a trap" in order for the correct legal result to prevail is an unfounded accusation of impropriety. Counsel for University Defendants have litigated this case for its entirety in the manner prescribed by the foregoing rules: with courtesy, civility, and integrity. And they will not now tolerate or engage in the very behavior proscribed by those rules.

---

[7] Available at: https://www.legalethicstexas.com/Downloads/Texas-Lawyers-Creed/Texas_Lawyers_Creed.aspx

## V. CONCLUSION

25. Based on Banik's motion, this response, the record, and the controlling authorities, there exists no reasonable basis for this Court to reconsider its opinion denying Banik's motion to remand. The motion for reconsideration should be denied.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**BRANTLEY STARR**
Deputy First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

**ANGELA V. COLMENERO**
Chief, General Litigation Division

/s/ Kelli C. Fuqua
**WILLIAM T. DEANE**
Texas Bar No. 05692500
Southern District Bar No. 3775
**LAURA A. BARBOUR**
Texas Bar No. 24069336
Southern District Bar No. 1901388
**KELLI C. FUQUA**
Texas Bar No. 24097713
Southern District Bar No. 2830392
Assistant Attorneys General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 936-1534 | FAX: (512) 320-0667
bill.deane@oag.texas.gov
laura.barbour@oag.texas.gov
kelli.fuqua@oag.texas.gov
***Attorneys for University Defendants***

## **CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing document has been sent by electronic notification through ECF by the United States District Court, Southern District of Texas, McAllen Division, on December 14, 2016 to:

William D. Mount, Jr.
Katie Pearson Klein
Elizabeth Turco
DALE & KLEIN, L.L.P.
1100 E. Jasmine, Suite 202
McAllen, Texas 78501

*Attorneys for Plaintiff*


Diann M. Bartek
DYKEMA COX SMITH
1400 N. McColl Road, Suite 204
McAllen, Texas 78501

*Attorney for Defendant Angel Tamez*

Darren G. Gibson
O'HANLON, MCCOLLOM & DEMERATH
808 West Avenue
Austin, Texas 78701

*Attorney for Defendant Amanda Ybarra*


             /s/ *Kelli C. Fuqua*
             KELLI C. FUQUA
             Assistant Attorney General