United States District Court
Southern District of Texas
**ENTERED**
April 04, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| BIMAL K. BANIK, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:16-CV-462 |
| | § | |
| ANGEL TAMEZ, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION

The Court now considers Bimal Banik's ("Plaintiff") motion to reconsider the opinion granting Amanda Ybarra's ("Defendant") motion to dismiss.[1] After duly considering the record and relevant authorities, the Court **DENIES** the motion.

### I. Background

Plaintiff sued Defendant for defamation on August 12, 2015, within a larger case involving multiple defendants.[2] On June 24, 2016, Defendant filed a motion to dismiss pursuant to the Texas Citizens Participation Act ("TCPA").[3] Notice of removal was filed on August 8, 2016.[4] The Court granted Defendant's motion to dismiss, finding that her TCPA claim was not moot due to its filing in state court, that she proved by a preponderance of the evidence that the TCPA protected both her written complaint and Tribunal testimony, and that Plaintiff's

---

[1] Dkt. No. 36. As an initial matter, the Court reminds Plaintiff of the requirements of Rule 9(b) and 10 which require paragraphs to be numbered. Failure to do so hinders the Court's reference to Plaintiff's arguments. Future non-compliant pleadings may be stricken.
[2] Dkt. No. 1-7, at p. 73. Defendant was first added to this suit in Plaintiff's third amended petition.
[3] Dkt. No. 1-11 a p. 294.
[4] Dkt. No. 1.

defamation claims are barred by the applicable statute of limitations.[5] Plaintiff now requests reconsideration of the Court's opinion granting Defendant's motion to dismiss.[6]

## II.     Legal Standard

The Federal Rules of Civil Procedure do not explicitly recognize any motion for reconsideration. Nevertheless, Rule 54(b) states, in pertinent part, that:

> [A]ny order or other decisions, however designated, that adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.[7]

Reconsideration of an interlocutory decision is available "under the standard 'as justice requires.'"[8] At least one district court in Texas has observed that this standard "is unclear,"[9] though there is consensus that the ultimate determination "rests within the discretion of the court,"[10] and that a court should aim to determine "whether reconsideration is *necessary* under the relevant circumstances."[11] Some courts apply Rule 59(e)'s legal standards to motions for

---

[5] *See* Dkt. No. 24.
[6] Dkt. No. 36.
[7] Fed. R. Civ. P. 54(b).
[8] *Contango Operators, Inc. v. United States*, 965 F. Supp. 2d 791, 800 (S.D. Tex. 2013), aff'd sub nom. *Contango Operators, Inc. v. Weeks Marine, Inc.*, 613 Fed. Appx. 281 (5th Cir. 2015).
[9] *Dos Santos*, 651 F. Supp. 2d at 553.
[10] *Id.*; *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980) ("Plainly, sound judicial administration does not require that 54(b) requests be granted routinely. That is implicit in commending them to the sound discretion of a district court. Because this discretion 'is, with good reason, vested by the rule primarily' in the district courts . . . and because the number of possible situations is large, we are reluctant either to fix or sanction narrow guidelines for the district courts to follow."); *Texas E. Transmission Corp. v. McMoRan Offshore Expl. Co.*, 877 F.2d 1214, 1229 (5th Cir. 1989) ("The district court, therefore, acted within its sound discretion when it refused to reimburse ODECO for its costs and attorney's fees pursuant to Rule 54(b)."); *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F.Supp.2d 471, 475 (M.D.La. 2002).
[11] *Contango Operators, Inc.,* 965 F. Supp. 2d at 800, aff'd sub nom. *Contango Operators, Inc. v. Weeks Marine, Inc.*, 613 Fed. Appx. 281 (5th Cir. 2015) (emphasis added); *Judicial Watch v. Dep't of Army*, 466 F. Supp. 2d 112, 123 (D.D.C. 2006); *King v. Bigler LP*, CIV.A. H-10-0580, 2011 WL 6960746, at *2 (S.D. Tex. June 24, 2011); *Rana v. Spectra Energy Corp.*, CIV.A. H-10-0403, 2010 WL 3257523, at *2 (S.D. Tex. Aug. 17, 2010); *Estate of Henson v. Wichita County*, 988 F. Supp. 2d 726, 729 (N.D. Tex. 2013), aff'd sub nom. *Estate of Henson v. Wichita County, Tex.*, 795 F.3d 456 (5th Cir. 2015); *Hamilton v. First Am. Title Ins. Co.*, CIV.A.3:07-CV-1442-G, 2010 WL 791421, at *5 (N.D. Tex. Mar. 8, 2010); *McClung v. Gautreaux*, CIV.A. 11-263, 2011 WL 4062387, at *1 (M.D. La. Sept. 13, 2011); *Nierman v. Ohio Cas. Ins. Co.*, CIV.A. 10-0319, 2012 WL 1039683, at *3 (W.D. La. Mar. 28, 2012); *Leong v. Cellco P'ship*, CIV.A. 12-0711, 2013 WL 4009320, at *3 n.9 (W.D. La. July 31, 2013).

reconsideration of interlocutory orders.[12] Under Rule 59, the following are grounds for granting a motion for reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice."[13] Further, "a motion to reconsider may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised before the entry of the judgment or order."[14]

### III. Application

Plaintiff raises numerous arguments for why the Court should reconsider the opinion granting Defendant's motion to dismiss. However, Plaintiff does not contend that there has been an intervening change in the law or present evidence not previously available. Plaintiff simply disagrees with the Court's prior ruling. The Court now addresses certain of these arguments.

#### a. Motion to dismiss was filed in state court

Plaintiff argues that Defendant's motion to dismiss was wrongfully considered and eventually granted because it was not filed nor urged in federal court.[15] Plaintiff further contends that he was not afforded his due process right of having an opportunity to respond to the motion.[16] The Court has already fully addressed this issue in response to Plaintiff's amended motion to recuse Judge Alvarez.[17] Plaintiff's due process rights were not violated. The Local Rules of the United States District Court for the Southern District of Texas ("LR") provide parties twenty-one (21) days to respond to a motion before that motion is considered unopposed.[18] Defendant filed her motion to dismiss in state court on June 24, 2016.[19] While the

---

[12] *T-M Vacuum Products, Inc. v. TAISC, Inc.*, 2008 WL 2785636, at * 2 (S.D. Tex. July 16, 2008).
[13] *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).
[14] *T-M Vaccum*, 2008 WL 2785636, at *2.
[15] Dkt. No. 36, at p. 2–3.
[16] *Id.* at p. 3.
[17] Dkt. No. 31, at p. 5.
[18] LR 7.3–4

Court recognizes that LR 7.3–7.4 did not apply when the motion was first filed, Defendant urged her dismissal motion in federal court with a motion to set a hearing in which Defendant specifically urged her TCPA dismissal claim be heard.[20] Plaintiff adamantly opposed the hearing on technical grounds, but chose not to respond substantively. Plaintiff did not respond to the motion to dismiss by the date of the Court's opinion on November 1, 2016. Thus, Plaintiff failed to respond to Defendant's motion to dismiss for one-hundred and thirty days. Additionally, the TCPA provides that at the hearing, the Court shall consider the pleadings and affidavits.[21] There is no provision for the taking of live testimony. Thus, Plaintiff had a *tangible opportunity to be heard on the dismissal motion*.[22] As a result, the Court will not grant reconsideration simply because the motion to dismiss was originally filed in state court.

### b. TCPA can be considered in federal court

Plaintiff contends that the TCPA is procedural and "must be ignored" by this Court. Under *Erie*, federal courts apply state substantive law and federal procedure.[23] *Erie* applies to cases involving both diversity and supplemental jurisdiction.[24] Plaintiff cites district courts in other Circuits and the D.C. Circuit to support his argument that state anti-SLAPP statutes are not considered by federal courts because of their procedural nature.[25] Plaintiff fails to comprehend the nature of precedent. This Court is not bound by other district court rulings or by the rulings of other Circuits. However, in the Fifth Circuit, state anti-SLAPP statutes have

---

[19] Dkt. No. 1-11, at p. 294.
[20] Dkt. No. 7.
[21] TCPA § 27.006(c).
[22] Dkt. No. 8.
[23] *Camacho v. Texas Workforce Com'n*, 445 F.3d 407, 409 (5th Cir. 2006).
[24] *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan*, 883 F.2d 345, 353 (5th Cir. 1989); *Bott v. J.F. Shea Co., Inc.*, 388 F.3d 530 553 n.3 (5th Cir. 2004).
[25] Dkt. No. 36, at p. 4.

been entertained in federal court on the ground that they constitute *substantive law*.[26] Indeed, in a case involving the TCPA, the Fifth Circuit explained that "we first review the TCPA framework, which we assume—without deciding—controls as state substantive law in these diversity suits."[27] In a separate section of the reconsideration motion, Plaintiff acknowledges that "the Fifth Circuit found a materially similar Louisiana anti-SLAPP statute applied in federal court under the *Erie* doctrine[.]"[28] Since the Fifth Circuit has previously ruled on state anti-SLAPP statutes, and Plaintiff has not identified any contrary precedent in this Circuit, this Court has determined that the TCPA should apply in this case. Plaintiff may certainly make his argument to the Fifth Circuit so that it may establish precedent, by which this Court would then be bound.

      **c.**     **TCPA does not conflict with the Federal Rules**

Plaintiff alternatively argues that even if the Court finds that the TCPA is substantive, application of the state statute is nevertheless precluded under *Erie*.[29] Where there is an alleged conflict between state law and the Federal Rules of Civil Procedure, there is an additional step in the *Erie* analysis.[30] "The initial step is to determine whether, when fairly construed, the scope of [the Federal Rule] is sufficiently broad to cause a direct collision with state law or, implicitly to control the issue before the court, thereby leaving no room for the operation of that law."[31] Essentially, if the state law conflicts with federal procedural rules, then the Court must apply the Federal Rule.[32] If there is no conflict, the Court must determine whether application of the state

---

[26] *See Cuba v. Pylant*, 814 F.3d 701, 711 (5th Cir. 2016); *see also Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 169 (5th Cir. 2009).
[27] *Cuba*, 814 F.3d at 706.
[28] Dkt. No. 36, at p. 6.
[29] *Id.* at pp. 4–6.
[30] *Hanna v. Plumer*, 380 U.S. 460, 469–70 (1965).
[31] *Burlington N. R. Co. v. Woods*, 480 U.S. 1, 4–5 (1987) (internal quotations and citations omitted).
[32] *All Plaintiffs v. All Defendants*, 645 F.3d 329, 333 (5th Cir. 2011).

law serves the twin aims of *Erie*, which are "discouragement of forum-shopping and avoidance of inequitable administration of the laws."[33]

As an initial matter, the Court finds that Plaintiff has not demonstrated any of the established grounds for this Court to grant reconsideration on its application of the TCPA. In fact, Plaintiff does not even argue the need to correct a clear error of law or prevent injustice. As to his argument that a conflict exists, Plaintiff merely recites what is required for a plaintiff to survive a TCPA motion to dismiss, and compares that to the standards for Federal Rules 12 and 56.[34] Plaintiff does not provide any cases from this Circuit where federal courts found that the Federal Rules are in conflict with the state anti-SLAPP statutes. Defendant does cite to other Circuits which have found no conflict.[35] The Court's independent research reveals other cases where courts found the Federal Rules in conflict with state anti-SLAPP statutes.[36] Obviously, there is currently a split of authority. This Court agrees with the reasoning of the First Circuit that Federal Rules 12 and 56 are addressed to different matters, whereas the TCAP "provides a mechanism for a defendant to move to dismiss a claim on an entirely different basis: that the claims in question rest on the defendant's protected petitioning conduct and that the plaintiff cannot meet the special rules [Texas] has created to protect such petitioning activity against lawsuits."[37] For this reason and because this argument that the Federal Rules should have applied instead of the TCPA for the motion to dismiss is being raised for the first time,

---

[33] *Hanna*, 380 U.S. at 468.
[34] Dkt. No. 36, at p. 4–6.
[35] Dkt. No. 41, at pp. 11–12.
[36] *See Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328 (D.C. Cir. 2015). Plaintiff does cite this case in arguing that the TCAP as a whole is procedural, but this argument is distinct from arguing that a conflict exists with the Federal Rules.
[37] *Godin v. Schencks*, 629 F.3d 79, 89 (1st Cir. 2010); *see also U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963 (9th Cir. 1999).

reconsideration is denied. As this Court has made clear, a motion to reconsider may not be used to raise new arguments that could have been raised before the motion to dismiss ruling.[38]

### d. TCPA motion hearing deadlines are not applicable

Reconsideration is further requested because the Court did not "follow the accelerated TCPA motion-hearing deadlines."[39] Plaintiff argues that if the Court finds the TCPA is substantive, then it should not "split the baby and treat the TCPA as part procedural and part substantive applying only the provisions it deemed substantive."[40] Plaintiff then contends that because the "motion-hearing deadlines were not satisfied, the [m]otion to [d]ismiss should have been denied"[41] but cites no statutory support for this proposition. Indeed, there is none.

The TCPA does provide for denial by operation of law if no ruling is made within 30 days of the hearing on the motion.[42] As noted by the Fifth Circuit in *Cuba*, the failure to schedule a hearing simply means that the time for denial by operation of law has not run.[43] Thus, the failure to meet the motion-hearing deadline is not a basis for dismissal of the motion.

Furthermore, the Fifth Circuit has yet to rule on the applicability of the procedural aspects of the TCPA. In 2016, the Fifth Circuit contemplated whether state procedural rules accompanying anti-SLAPP motions to dismiss apply in Federal Court where the statute applies as substantive under *Erie*.[44] The Fifth Circuit, however, did not decide whether such procedural rules apply in federal court. Rather, the Fifth Circuit explained that "we assume, *without deciding*, that the state procedural rules . . . do in fact apply in federal court."[45] Nonetheless,

---

[38] *T-M Vacuum Products, Inc. v. TAISC, Inc.*, 2008 WL 2785636, at * 2 (S.D. Tex. July 16, 2008).
[39] Dkt. No. 36, at p. 6.
[40] *Id.*
[41] *Id.* at p. 7.
[42] Tex. Civ. Prac. & Rem. Code § 27.005.
[43] *Cuba v. Pylant*, 814 F.3d 701, 710 (5th Cir. 2016).
[44] *Id.* at 706 n.6.
[45] *Id.* (emphasis added).

since there is no binding precedent requiring application of state anti-SLAPP procedural rules, there is no basis for granting reconsideration here either.

### e.     Motion to dismiss complies with Local Rule 7

In his final *Erie* argument, Plaintiff asserts that the Court should not have ruled on Defendant's motion to dismiss because it does not comply with LR 7.[46] Specifically, Plaintiff explains that the motion to dismiss "does not contain an averment that the movant has conferred with the respondent and counsel cannot agree about the disposition of the motion."[47] LR 7.1(D) provides that opposed motions, "[e]xcept for motions under Federal Rules of Civil Procedure 12(b), (c), (e), or (f) and 56, [shall] contain an averment that (1) [t]he movant has conferred with the respondent and (2) [c]ounsel cannot agree about the disposition of the motion."[48] The motion to dismiss was not subject to the requirements of LR 7 because it was filed in state court. As a result, non-compliance with LR 7 is not a basis for granting the reconsideration motion. Furthermore, LR 7's purpose is to encourage attorneys to cooperate to resolve disputes without court intervention. Thus, it excludes Federal Rule 12 dismissal motions and motions for summary judgment. A TCPA dismissal motion is not likely to be resolved by agreement. The Court therefore finds that requiring compliance with LR 7 would be futile.

### f.     Motion to dismiss defamation claim

In granting Defendant's motion to dismiss, the Court found that Defendant "proved by a preponderance of the evidence that both her written complaint to UTPA and her [T]ribunal testimony to UTPA's disciplinary body were exercises of her right to petition, and thus protected actions under the TCPA."[49] Plaintiff now argues that "[Defendant]'s statements were

---

[46] Dkt. No. 36, at pp. 8–9.
[47] *Id.* at p. 9.
[48] LR. 7.1(D).
[49] Dkt. No. 24, at pp. 9–10.

not made in connection with a matter of public concern and the Court was correct to ignore "[Defendant]'s contention to the contrary."[50] Whether Defendant's speech involved a matter of public concern is not a basis for reconsideration because the Court found that Defendant's statements were protected as an exercise of her right to petition, not free speech.

Plaintiff further contends that the right to petition was not implicated by Defendant's statements.[51] In doing so, Plaintiff raises numerous arguments. *First*, Plaintiff argues that [Defendant]'s complaint was not 'reasonably likely' to encourage consideration or review of an issue in an official proceeding" because only two Tribunals have been empaneled at UTPA in forty years.[52] However, a written complaint containing serious allegations of gender and sexual harassment against a professor is reasonably likely to encourage consideration or review in an official proceeding because such claims could undoubtedly subject a professor to termination, and UT System Regents Rule 31008 empowers UTPA's disciplinary body to hear complaints that may result in termination. *Second*, Plaintiff contends that the "managing board" of UTPA is the UT System Board of Regents, not the Tribunal. "The [T]ribunal is not a board and is not empowered to manage the institution."[53] However, Plaintiff completely ignores both the language of the TCPA itself and this Court's earlier opinion which make it clear that the communication need not be directly to the final "managing board."

*Third*, Plaintiff argues that he "is not complaining about either the written complaint or the testimony at the [T]ribunal. Plaintiff is complaining about the republication of the written complaint and [Tribunal] testimony" to the Board of Regents during a board meeting, not a

---

[50] Dkt. No. 36, at p. 10. The Court notes that it did not "ignore" Defendant's contention, but chose to dispose of Plaintiff's claim on other grounds.
[51] *Id.* at pp. 13–15.
[52] *Id.* at p. 14.
[53] *Id.*

proceeding.[54] However, Plaintiff then asserts that Defendant never made a statement to the Board of Regents: "Defendant's 'testimony' was not in or pertaining to a proceeding before a subdivision of the state as suggested by the Court in its Opinion. Defendant provided a statement *before a hearing Tribunal, not before a subdivision of the state*."[55] Plaintiff apparently forgot that just three paragraphs before, he made clear that "Plaintiff is not complaining about either the written complaint or the testimony at the [T]ribunal."[56] Plaintiff also forgot that he admits that the "managing board" of UTPA is the [] Board of Regents." Plaintiff would do well to ensure that his arguments are internally consistent. Whatever inconsistent position Plaintiff may take, it is clear that the Board of Regents' consideration of the President's recommendation to terminate Plaintiff encompassed Defendant's right to petition in an official proceeding.

*Lastly*, it is an improper characterization to say that Defendant's statements constitute a republication because the hearing before the Board of Regents was merely a continuation of the Tribunal proceedings involving Plaintiff's alleged misconduct. UT System Board of Regents Rule 31008 makes it clear that the President cannot terminate a tenured professor, but rather the President can make that recommendation to the Board of Regents who then makes the decision. Thus, Defendant's Tribunal testimony was not "republished," as it was all part of the same proceeding. The TCPA makes it clear that a communication in connection with an issue under review in an official proceeding is also protected.[57]

---

[54] *Id.*
[55] *Id.* (emphasis added).
[56] *Id.* at p. 14.
[57] TCPA § 27.001(4)(B).

### g.  Affirmative Defenses

Plaintiff's last argument to support reconsideration goes to the merits of his claim. The Court addresses only Plaintiff's contention that the defamation claim is not barred by the applicable statute of limitations. As more fully detailed in this Court's opinion granting the motion to dismiss, the statute of limitations bars Plaintiff's defamation claims concerning Defendant's written complaint and Tribunal testimony.[58] Here again, Plaintiff argues that he "is not complaining about [Defendant]'s complaint nor the statements [Defendant] made to the [T]ribunal, but rather, the republication of those statements to the Board of Regents."[59] To support this argument, Plaintiff cites to two cases.[60] Each is easily distinguished. In *Carr v. Mobile Video Tapes, Inc.*, the Corpus Christi Court of Appeals found the statute of limitations was not implicated when suit was filed within one year of the Defendant's own rebroadcast of an allegedly defamatory statement.[61] In *Stephan v. Baylor Medical Center at Garland*, the Dallas Court of Appeals found a defamation claim was timely when brought within a year of the republication to third parties.[62] Here, as previously noted, the Board of Regents' consideration of the President's recommendation was merely a continuation of the original proceeding. Hence, there was no republication to third parties.

Although the Court finds that the statute of limitations precludes Plaintiff's defamation claims, it addresses one additional argument concerning privilege. Here, again, Plaintiff alleges the Court "ignored" Defendant's contentions. The Court therefore chooses not to "ignore" Defendant's disingenuous argument that Defendant's statements were not privileged. Plaintiff does this by arguing that Defendant's statements *to the Tribunal* were not to a quasi-judicial

---

[58] Dkt. No. 24, at pp. 10–12.
[59] Dkt. No. 36, at p. 18.
[60] *Id.* at 18.
[61] 893 S.W.2d 613, 619 (Tex. App—Corpus Christi 1994) (Abrogated on separate grounds).
[62] 20 S.W.3d 880, 889–90 (Tex. App—Dallas 2000).

body after just having argued that "Plaintiff is not complaining about either the written complaint or the testimony at the [T]ribunal." Since those statements are clearly time-barred, in the words of Hillary Clinton, "what difference does it make" whether the Tribunal is or is not a quasi-judicial body?

### IV.     Holding

For all the foregoing reasons, the Court **DENIES** the motion for reconsideration.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 4th day of April, 2017.

_____
Micaela Alvarez
United States District Judge