UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| BIMAL K. BANIK, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:16-CV-00462 |
| | § | |
| ANGEL TAMEZ, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **OPINION & ORDER**

The Court now considers Bimal Banik's ("Plaintiff") second motion for leave to amend,[1] as well as University Defendants' ("Defendants")[2] and Amanda Ybarra's ("Ybarra") responses.[3] After duly considering the record and relevant authorities, the Court **GRANTS** Plaintiff leave to amend his First Amendment claim, as well as his invasion of privacy, Article 18.20, and Chapter 123 claims against Defendant Tamez ("Tamez"), but **DENIES** the motion in all other respects.

### I. BACKGROUND

Plaintiff was a tenured professor at the University of Texas-Pan American ("UTPA"), and was terminated in part based upon a complaint submitted to UTPA by Ybarra, one of Plaintiff's students.[4] In November 2013, Plaintiff first brought suit asserting claims arising from some of the actions surrounding his termination. In time, Plaintiff sued UTPA, Ybarra, and other Defendants in that state court action, and the case was removed in July 2016, on Plaintiff's tenth

---

[1] Dkt. No. 62.
[2] Defendants Terence Thompson, Esmeralda Guerra, Martha Cantu, S.J. Sethi, Robert Nelsen, Havidan Rodriguez, Guy Bailey, Marie Mora, Stephen Crown, Catherine Faver, The University of Texas-Pan American, The University of Texas Rio Grande Valley, The University of Texas System, and Paul L. Foster.
[3] Dkt. Nos. 66–67.
[4] *See* Dkt. No. 1-12.

amended petition.[5] The Court denied Plaintiff's remand motion,[6] granted Ybarra's motion to dismiss,[7] and later granted in part Defendants' motion to dismiss,[8] with only a few claims remaining. Embedded within Plaintiff's response to Defendants' dismissal motion was a motion for leave to amend,[9] which the Court addressed in its opinion. Plaintiff also filed a second motion for leave to amend, this time attaching a proposed eleventh amended complaint.[10] Defendants and Ybarra responded,[11] rendering the present motion ripe for review. The Court now turns to its analysis.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 15(a), a party may amend his pleadings once as a matter of course within twenty-one days after serving it or after a dismissal motion, and thereafter with written consent of the opposing party or by leave of the Court. Here, amendment as a matter of course is not available, and Defendants have not provided written consent to amend, so Plaintiff requires leave of Court to amend. Rule 15(a) provides that leave to amend a party's pleading shall be freely given "when justice so requires."[12] Indeed, the Fifth Circuit has stated that "a district court must possess a 'substantial reason' to deny a request for leave to amend."[13]

In determining whether to allow leave to amend a pleading, courts examine whether there was 1) undue delay; 2) bad faith or dilatory motive; 3) repeated failure to cure deficiencies by previous amendments; 4) undue prejudice to the opposing party; and 5) futility of the

---

[5] Dkt. No. 1.
[6] Dkt. No. 23.
[7] Dkt. No. 24.
[8] Dkt. No. 53.
[9] Dkt. No. 60 pp. 40–41.
[10] Dkt. No. 63.
[11] Dkt. Nos. 66–67.
[12] Fed. R. Civ. P. 15(a)(2). *See also Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (citation omitted) (noting that the language of Rule 15(a) "evinces a bias in favor of granting leave to amend").
[13] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (quoting *Lyn-Lea Travel Corp.*, 283 F.3d at 286).

amendment.[14] In the absence of any of these factors, the Court should freely grant the requested leave.[15] Nevertheless, the decision whether to grant leave to amend lies within the Court's sound discretion.[16]

### III. ANALYSIS

*Introductory Matters*

Before beginning its specific analysis as to the particular amendments sought, the Court addresses the motion for leave in more general terms. Here, Plaintiff contends that leave should be granted because "this case was not pleaded with the expectation that a federal court would ever review [Plaintiff's] pleading."[17] Plaintiff adds that he wishes "to conform to federal pleading standards and include additional facts to support his . . . claims."[18] Ironically, Plaintiff's motion for leave fails to conform to federal pleading standards as it is not presented in numbered paragraphs, as required by Rules 7(b) and 10(b). Additionally, Plaintiff includes new causes of action in the proposed complaint yet fails to address this in the motion for leave. As to the proposed complaint itself, it too fails to comply with the federal pleading standards. Instead of setting out a short and plaint statement of the claims showing that Plaintiff is entitled to relief as required by Rule 8(a), Plaintiff presents eighty some pages of extraneous detail not supportive of his claims.[19]

---

[14] *Id.* (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)).
[15] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[16] *Smith*, 393 F.3d at 595 (quoting *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998)).
[17] Dkt. No. 62 p. 3.
[18] *Id*. pp .2–3.
[19] For example, "Sethi is from India. She speaks English, Hindu, and Punjabi. She does not speak Bengali, but knows some words in the language." Dkt. No. 62-1 ¶ 105.

Additionally, Plaintiff does nothing to explain why leave to amend was sought only after Defendants filed a motion to dismiss.[20] Plaintiff's contention that he did not expect his complaint to be reviewed by a federal court overlooks the fact that the case was removed in August 2016, yet Plaintiff did not seek leave to amend until late April 2017, in response to Defendants' motion to dismiss. Plaintiff also fails to address why, after having amended ten times already, he has been unable to cure the many deficiencies this Court noted in its Opinion of June 9, 2017. These failures certainly support a finding of undue delay, dilatory motive, if not bad faith, and repeated failure to cure deficiencies. Finally, Plaintiff wholly fails to address the issue of undue prejudice.

The Court observes that it dismissed the vast majority of Plaintiff's claims in its previous order. Consequently, only a few remaining claims even exist to amend. However, in an abundance of caution, the Court has carefully reviewed Plaintiff's *entire* proposed eleventh amended complaint in an effort to determine whether any of Plaintiff's claims can be remedied, including those which have now been dismissed. Despite this effort, the Court has determined that none of Plaintiff's amendments ultimately cure his now-dismissed claims.

Careful review of Plaintiff's proposed eleventh amended complaint also reveals that Plaintiff wishes to add new claims or requests for relief, or otherwise to alter remaining claims against remaining Defendants. Consequently, the Court proceeds to analyze Plaintiff's second motion for leave to amend in a two-step fashion. First, the Court examines the newly-proposed claims, and determines that these *additions* are unwarranted. Then, the Court examines

---

[20] This is apparently Plaintiff's practice. In August 2014 Defendants filed a motion to dismiss, Plaintiff amended his petition; in September 2015 Defendants against moved for dismissal, Plaintiff again amended his petitions not once but twice; in December 2015 Defendants filed a motion for summary judgment, Plaintiff amended; in February 2016 Defendants moved to strike portions of Plaintiff's amended petition and also filed special exceptions, Plaintiff again amended; also in February 2016 Defendants filed a motion for summary judgment, Plaintiff amended yet again. *See* Dkt. No. 1-5 p 2–5.

Plaintiff's proposed *alterations* to remaining claims, and likewise determines that, with some exceptions, such alterations are unwarranted.

  A. *Newly-proposed claims & injunctive requests*

Plaintiff's proposed eleventh amended complaint would add (i) state and federal wiretapping claims against UTPA, (ii) a tortious interference claim against Tamez, (iii) a defamation claim against Ybarra, and (iv) new or otherwise revised injunction requests against UTPA, UT System, Crown, Faver, and Mora. Each of these proposed amendments is unwarranted as detailed below.

    ***i. Newly-proposed wiretapping claims against UTPA***

Plaintiff's proposed eleventh amended complaint adds state and federal wiretapping claims against UTPA,[21] when previously, those claims had only been alleged against university employees and a UTPA student—Tamez.[22] However, the only actions that are potentially imputable to UTPA are those actions of its relevant employees, all of whom have now been dismissed for purposes of Plaintiff's state and federal wiretapping claims.[23] Plaintiff's proposed eleventh amended complaint does not name any new university employees whose actions might be imputable to UTPA. Plaintiff's motion for leave wholly fails to address Plaintiff's attempt to bring these claims against UTPA; i.e. Plaintiff does not explain why, after over three years of litigation, he now seeks to joint UTPA. On these facts, the Court finds undue delay, dilatory motive, and perhaps more importantly, such amendment would be futile as such claims against UTPA would be barred by the Eleventh Amendment. Thus, leave will not be granted on this basis.

---

[21] Dkt. No. 62-1 ¶¶ 167–69 (adding claims against UTPA for violations of Article 18.20, Section 16 of the Texas Code of Criminal Procedure, Chapter 123 of the Texas Civil Practice & Remedies Code, and 18 U.S.C. § 2520).
[22] Dkt. No. 1-12 pp. 598–99; 625.
[23] Dkt. No. 74 pp. 18–24.

### ii. *Newly-proposed tortious interference claim against Tamez*

In his motion, Plaintiff does not request leave to add a tortious interference claim against Tamez, yet it is added in the amended complaint.[24] The Court does note that a claim was made against Tamez in the section of the tenth amended petition entitled "Tortious Interference . . . ." However, the claim actually asserted is clearly a defamation claim, not a tortious interference claim. Previously, this claim had only been alleged against Nelsen.[25] Leave to amend to add a tortious interference claim is not warranted here because Plaintiff has presented this claim with undue delay and dilatory motive.

Plaintiff's original petition in state court—filed approximately three and one-half years ago—made claims against Tamez, setting forth some of the same substantive facts now alleged to support the proposed tortious interference claim against Tamez.[26] Moreover, Plaintiff certainly knew the relevant facts supporting his proposed tortious interference claim against Tamez by August 2015, when Plaintiff filed his third amended petition.[27] Nevertheless, Plaintiff—for no apparent reason—waited another year and eight months to bring a tortious interference claim against Tamez. There is no excuse for this delay, and Plaintiff had seven other opportunities to make this claim. Leave will not be granted to accommodate it.

### iii. *Proposed reintroduction of Ybarra as a Defendant*

The live pleading in this case alleged a defamation claim against Defendant Ybarra.[28] Upon motion, the Court dismissed this claim, thus dismissing Ybarra as a Defendant from this

---

[24] Dkt. No. 62-1 ¶ 248.
[25] Dkt. No. 1-12 p. 602.
[26] Dkt. No. 1-6 p. 1.
[27] Dkt. No. 1-7 p. 85 (alleging that Tamez provided a witness statement and testimony to the UTPA tribunal which resulting in Plaintiff's termination). Compare with proposed eleventh amended complaint at Dkt. No. 62-1 pp. 43–44 (alleging the same thing).
[28] Dkt. No. 1-12 pp. 603–05.

case.[29] Plaintiff then filed a motion to reconsider the dismissal,[30] which the Court denied.[31] Without explanation, Plaintiff attempts to hail Ybarra back into this case by adding the same defamation claim against her that the Court has already dismissed.[32] Ybarra has opposed Plaintiff's second motion for leave for this reason.[33] The proposed defamation claim against Ybarra would be futile if added for reasons already stated in the Court's previous orders.[34] Thus, leave will not be granted to needlessly relitigate the defamation claim against Ybarra for a third time.

### iv. *Newly-proposed or otherwise altered injunctive relief*

The Court had previously denied Plaintiff's requests for injunctive relief.[35] Plaintiff now proposes two new injunctions and also requests to modify an injunction request which has now been denied. These propositions are unavailing. *First*, Plaintiff proposes "an injunction requiring [Plaintiff's] transition to UTRGV."[36] However, having dismissed all substantive claims which might support this request, most notably Plaintiff's Due Process claims, there is no reason to grant such an injunction, and it would therefore be futile to add this request.

*Second*, Plaintiff proposes an injunction "prohibiting UTPA and/or UT System from engaging and paying for Tamez's attorneys."[37] This request is grounded upon Plaintiff's longstanding contention that state funding of Tamez's representation violates specific provisions of the Texas Constitution.[38] However, amendment to include this request would be futile. It is

---

[29] *See* Dkt. No. 24.
[30] Dkt. No. 36.
[31] Dkt. No. 56.
[32] *See* Dkt. No. 62-1 ¶¶ 232–40.
[33] Dkt. No. 67.
[34] *See* Dkt. Nos. 24 (order dismissing Plaintiff's claims against Ybarra) & 56 (order denying Plaintiff's motion to reconsider its order dismissing Plaintiff's claims against Ybarra).
[35] Dkt. No. 74 p. 53.
[36] Dkt. No. 62-1 p. 47.
[37] *Id*. ¶ 253.
[38] *See id*. ¶¶ 250–261.

not clear whether Plaintiff seeks a preliminary or permanent injunction, but the distinction does not matter, because Plaintiff would be unable to establish the elements of even a minimally-demanding preliminary injunction. In order to be entitled to a preliminary injunction, a claimant must prove each of the following elements:

> (1) a substantial likelihood that he will succeed on the merits, (2) a substantial threat that he will be irreparably injured if the injunction does not issue, (3) that the threatened injury outweighs any harm resulting from the grant of the injunction, and (4) that the injunction will not disserve the public interest.[39]

Here, Plaintiff cannot establish the first element because, as noted in the Court's dismissal order,[40] UTPA and UT System are entitled to sovereign immunity from liability against any unauthorized-funding claim based upon the Texas Constitution. Moreover, Plaintiff cannot establish the second element because Plaintiff's proposed eleventh amended complaint does not explain how continued state funding of Tamez's representation would result in irreparable harm absent an injunction. The mere fact that Plaintiff pays taxes and tuition does not establish irreparable harm. Plaintiff must pay taxes, and if applicable, tuition regardless of whether UTPA and UT System continue to pay Tamez' legal fees. Furthermore, even if eventually such payment were determined to be unconstitutional, whatever harm Plaintiff may have suffered is certainly reparable.

*Third*, Plaintiff's proposed eleventh amended complaint seeks an injunction against, among others, Crown, Faver, Mora, and UTPA prohibiting "a further interception, attempted interception, or divulgence or use of information obtained by an interception."[41] The same injunctive request was previously only levied against Rodriguez, Tamez, Thompson, Guerra, Cantu, and Sethi.[42] However, with the exception of Tamez, it does not matter against which

---

[39] *Henton v. Stephens*, 2017 WL 1242087, at *1 (5th Cir. 2017).
[40] Dkt. No. 74 pp. 48–51.
[41] Dkt. No. 62-1 ¶ 168.
[42] Dkt. No. 1-12 p. 599.

Defendant this injunctive relief is aimed. Every wiretapping claim against every Defendant except Tamez has now been dismissed, and thus, there is no likelihood that Plaintiff will succeed on the merits of any wiretapping claim against Crown, Faver, Mora, and UTPA which might support the injunctive request. Thus, it would be futile to amend this injunctive request aimed at Crown, Faver, Mora, and UTPA, and amendment on this basis will not be granted.

In sum, all of Plaintiff's new claims and injunctive requests proposed in his eleventh amended complaint are unwarranted, and thus, leave will not be granted to add them. The Court now turns to Plaintiff's proposed alterations (or lack thereof) concerning pre-existing claims that still remain in the wake of the Court's recent dismissal order.

### B. *Alteration of pre-existing claims that remain after the Court's dismissal order*

The only remaining claims in this case after the recent dismissal order are as follows:

- *Tamez*: state wiretapping claims under Article ("Art.") 18.20 and Chapter 123, a federal wiretapping claim under 18 U.S.C. §§ 2515 and 2520, invasion of privacy, and defamation (slander and libel).

- *Nelsen*: tortious interference.

- *First Amendment*: to the extent it is actually pled against Rodriguez, Nelsen, Thompson, Bailey, and the Regents (i.e. Foster, Powell, Hicks, Aliseda, Cranberg, Hall, Hildebrand, Pejovich, and Stillwell).

The Court now addresses the proposed alternations to each of these remaining claims.

#### i. *Alteration of pre-existing claims against Tamez*

Plaintiff seeks leave to amend his invasion of privacy, Art. 18.20, and Chapter 123 wiretap claims against Tamez. These were the original claims brought against Tamez in the first petition approximately three and one-half years ago.[43] University Defendants[44] moved to dismiss

---

[43] Dkt. No. 1-6 pp. 3–4.
[44] At the time, this included Defendants Thompson, Guerra, Cantu, UTPA, and UT System.

these claims on the basis of improper pleading under Texas pleading standards.[45] Although this motion to dismiss was not filed by Tamez, the arguments contained therein specify pleading deficiencies directly pertaining to Tamez. For example, University Defendants pointed out: (1) that for purposes of an invasion of privacy claim, Plaintiff failed to specify the circumstances surrounding Tamez's recording, such that it was not possible to determine if the intrusion would be offensive to a reasonable person,[46] (2) that for purposes of Art. 18.20, Plaintiff failed to specify how his recorded conversation indicated an expectation of privacy,[47] and (3) that for purposes of Chapter 123, Plaintiff failed to plead that Plaintiff's conversation was transmitted with the aid of a wire or cable.[48] In the face of these arguments, Plaintiff thereafter amended his petition nine times, failing each time to correct these fundamental pleading errors. The three and one-half year interim since Plaintiff's original petition was filed certainly constitutes undue delay in bringing the present motion, and the subsequent amendments constitute a repeated failure to cure pleading deficiencies by previous amendment.

Additionally, the section of the proposed amended complaint that covers these claims goes on for eighty-plus paragraphs, over fourteen pages and includes extraneous details which do not comport with the Rule 8(a)(2) requirement of a short and plaint statement.[49] Thus, the proposed amended complaint does not necessarily cure any pleading deficiencies. Therefore, amendment, as proposed, would be futile. However, the Court, in its discretion will grant leave to amend Plaintiff's invasion of privacy, Art. 18.22, and Chapter 123 claims to comport with the federal pleading standards. The Court cautions Plaintiff that he must redraft the proposed

---

[45] Dkt. No. 1-7 pp. 11–17.
[46] Dkt. No. 1-7 p. 17.
[47] *Id*. p. 15.
[48] *Id*. p. 13.
[49] *See* Dkt. No. 62-1 ¶ 90 ("Tamez began recording at the elevators before he got to Banik's office.").

amended complaint to comply with the federal pleading standard. Simply filing the draft attached to the motion for leave will not do.

However, leave will not be granted to amend Plaintiff's defamation claim against Tamez. This claim was brought against Tamez in Plaintiff's third amended petition approximately one and one-half years ago.[50] This interim constitutes undue delay in bringing the present motion. Moreover, the factual allegations supporting the defamation claim against Tamez in Plaintiff's third amended petition and live pleading are substantively similar to those contained in the proposed eleventh amended complaint. Thus, amendment would be futile.

Finally, leave will not be granted to amend Plaintiff's federal wiretap claim against Tamez. Plaintiff first added a federal wiretap claim under § 2515 of 18 U.S.C. Chapter 119 to his fifth amended petition on February 4, 2016 against six non-Tamez Defendants.[51] Inexplicably, and without substantively changing the underlying facts concerning Tamez, Plaintiff aimed his § 2515 claim at Tamez in his ninth amended petition on July 13, 2016.[52] Plaintiff's proposed eleventh amended complaint abandons § 2515 as the particular basis for his federal wiretap claim against Tamez, and more generally states that "Tamez violated the . . . Federal Wiretap Act (18 U.S.C. ch. 119)."[53]

Leave to amend the federal wiretap claim would be futile insofar as § 2515 remains the basis for it. Section 2515 only prohibits the *reception into evidence* of oral communications intercepted in violation of the Federal Wiretap Act ("FWA").[54] However, Plaintiff's proposed

---

[50] *Id*. pp. 85–87.
[51] Dkt. No. 1-8 p. 111.
[52] Dkt. No. 1-12 p. 524.
[53] Dkt. No. 62-1 ¶ 165.
[54] 18 U.S.C.A. § 2515 (West) ("Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom *may be received in evidence* in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof if the disclosure of that information would be in violation of this chapter.").

eleventh amended complaint does not allege that Tamez received into evidence any interception. Thus, leave to amend Plaintiff's § 2515-based FWA claim against Tamez would be futile.

Moreover, insofar as Plaintiff wishes to add other wiretap claims against Tamez under different FWA provisions, Plaintiff has brought them with undue delay. The factual allegations against Tamez have remained substantively unchanged since Plaintiff's third amended petition approximately one and one-half years ago. Plaintiff does include some new facts in his proposed eleventh amended complaint to bolster his FWA claim,[55] but fails to explain when these new facts came to light, and thus when Plaintiff should have included them in previous petitions. The record indicates that at least some of the most important newly-alleged facts in Plaintiff's proposed eleventh amended complaint were available as early as August 2014.[56] Yet for no apparent reason, Plaintiff failed to include them in previous petitions. Also, as already noted, despite the addition of new facts, Plaintiff does little more than generally allege that Tamez violated the FWA. Thus, amendment would be futile. Leave to amend will not be granted with regard to Plaintiff's FWA claim(s) against Tamez.

### ii. *Tortious interference against Nelsen*

Plaintiff's factual allegations supporting tortious interference remain substantively unchanged between the live pleading and Plaintiff's proposed eleventh amended complaint.[57] Thus, leave will not be granted to amend Plaintiff's tortious interference claim against Nelsen because amendment would be futile.

---

[55] Namely, Plaintiff includes facts to indicate that some of Plaintiff's recorded conversations were private in nature.
[56] Dkt. No. 1-8 ¶¶ 8 & 15 (Tamez's no-evidence motion for summary judgment, indicating Plaintiff's wiretap claims against Tamez were based in part upon recorded conversations between Banik and Dr. Debasish Bandyopadhyay – i.e., the basis for privacy).
[57] *Compare* Dkt. No. 1-12 p. 602 *with* Dkt. No. 62-1 pp. 39–40. Both petitions substantively allege that Nelsen recommended Plaintiff's termination when Nelsen was not employed by UTPA.

### iii. First Amendment claims

The Court will grant Plaintiff leave to amend his First Amendment claim for the benefit of the parties and the Court. Plaintiff first added federal constitutional claims in his fifth amended petition on February 10, 2016.[58] The entirety of Plaintiff's First Amendment claim was as follows: "The acts and omissions [in Plaintiff's 15-page fact section] herein violated [Plaintiff's] constitutional rights, including but not limited to those guaranteed him by the First, Fifth, and Fourteenth Amendments to the United States Constitution."[59] Plaintiff's fifth amended petition and subsequent pleadings detail Plaintiff's Due Process theories, but utterly fail to explain or otherwise raise the First Amendment claim. Indeed, Plaintiff's First Amendment claim is so well buried in Plaintiff's forty-six page live pleading, that the Court cannot help but wonder if Defendants failed to move for dismissal of this claim because they failed to recognize its existence. The passing reference "First . . . Amendment[]" and lack of other information explaining it forces the reader to fundamentally construct Plaintiff's legal theory for him, a task the Court is unwilling to undertake at this time.

Now, Plaintiff's proposed eleventh amended complaint indicates that Plaintiff would amend so as to make clear that he is alleging a First Amendment *retaliation* claim against Rodriguez, Nelsen, Thompson, Bailey, Mora, Crown, Faver, Foster, Power, Hickes, Aliseda, Cranberg, Hall, Hildebrand, Pejovich and Stillwell. Moreover, Plaintiff presents the claim into its constituent elements in an attempt to support each element with some factual allegations. Although a decent undue-delay argument might be made here, the Court believes amendment for the purposes of clarification would be helpful for everyone involved in order to resolve Plaintiff's First Amendment claim. Moreover, the extra time required to facilitate a new

---

[58] Dkt. No. 1-8 p. 105.
[59] *Id*.

pleading, answer, and potential dispositive motions resulting from amendment would not require alteration of the currently-imposed scheduling order. In granting leave, the Court in no way implies that Plaintiff's proposed First Amendment claim is sufficiently pled as laid out in the proposed eleventh amended complaint. Additionally, the Court finds that amendment as to Mora, Crown and Faver would be futile as the Court has already determined that they are entitled to absolute immunity. Leave to amend the First Amendment claim is thus granted in part but denied as to Mora, Crown, and Faver.

### IV. HOLDING

Plaintiff's second motion for leave to amend is **GRANTED** as detailed in this Order, but **DENIED** in all other regards. Such amended complaint shall be filed within seven days of this order.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 7th day of July, 2017.

_____
Micaela Alvarez
United States District Judge